**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**SHARON MIDDLETON, et al.,**

      **Plaintiffs,**

   v.

**LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, et al.,**

      **Defendants.**

**Case No. 1:20-cv-668**
**JUDGE DOUGLAS R. COLE**

## ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE

The Parties have reached a settlement in this case. Through an unopposed motion for final approval of class settlement (Doc. 58), they request that the Court: (1) certify the proposed class for settlement purposes; (2) approve the proposed Settlement Agreement (the "Agreement"); (3) find that notice to the Settlement Class was fair, adequate, and comported with due process; and (4) enter an order finally approving the Settlement and granting Final Judgment of Dismissal with Prejudice. For the reasons stated below, the Court **GRANTS** the Motion.

Plaintiffs Sharon Middleton, Charles Clendenin, Wendell Garth, Theresa Grela, Michael Jackson, Lauren Huffman, and Nichole Holland (Plaintiffs), individually and on behalf of the proposed Settlement Class, and Defendants Liberty Mutual Personal Insurance Company, LM General Insurance Company, Safeco Insurance Company of Illinois, and Liberty Mutual Fire Insurance Company

(together, "Defendants" or "Liberty Mutual") have agreed, subject to approval by the Court, to settle this Action upon the terms and conditions in the Agreement; and

The Parties have made an application for approval of the Settlement of this Action, as set forth in the Agreement; and

WHEREAS, the Named Plaintiffs, on behalf of themselves and the proposed Settlement Classes, and Defendants, have executed and filed the Agreement with the Court on September 22, 2022; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference, and this Order incorporates by reference the definitions in the Agreement; and

WHEREAS, the Court, on September 27, 2022, entered the Order Re: Preliminary Approval of Settlement and Approval of Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order"), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, Plaintiffs were approved in the Preliminary Approval Order as the Class Representatives; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on March 6, 2023, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Defendants and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed; and

WHEREAS, a Final Fairness Hearing was held on March 6, 2023, at which all interested persons were given an opportunity to be heard, and at which there were no objections lodged to the Settlement; and

The Court, having read and considered the Agreement and the exhibits thereto, and having read and considered all other papers filed and proceedings had herein, including declarations submitted by the Plaintiffs, and being otherwise fully informed, and with good cause appearing,

**IT IS HEREBY ORDERED:**

1. This Order incorporates by reference and utilizes the definitions in the Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action.

3. The Complaints filed in this Consolidated Action allege generally that Defendants improperly failed to pay Sales Tax when adjusting total loss claims in Ohio and Illinois.

4. The Court approves the Agreement, and finds the Settlement to be fair, reasonable, and adequate to the Settlement Class, but such finding is not to be deemed an admission of liability or fault by Defendants or by any other Person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendants.

5. The Court appoints Plaintiffs as Class Representatives, and Normand PLLC, Edelsberg Law, P.A., Shamis & Gentile, P.A., Dapeer Law, P.A., and Spangenburg, Shibley, and Liber, LLP, as Class Counsel.

6. The Court finds that the Class Action Fairness Act Notices given by the Settlement Administrator on behalf of Defendants were in full compliance with 28 U.S.C. § 1715(b).

7. The Court finds the Class Notice constituted the best notice practicable under the circumstances, by providing direct, individual notice on at least three and up to eight occasions to all Class Members who were identified through reasonable effort, as well as notice by publication, and constituted valid and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

8. The Court reaffirms and appoints Epiq, LLC, as the Settlement Administrator.

9. Consistent with the Agreement, the Court certifies for purposes of settlement the following Settlement Classes:

> OH Sales Tax Class: All Insureds, under any Ohio personal automobile insurance policy issued by Liberty Mutual Personal Insurance Company ("LMPIC"), LM General Insurance Company ("LM General"), or Safeco Insurance Company of Illinois ("Safeco") covering a private passenger vehicle with auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the two-year time period prior to the date on which the Middleton and Garth Actions were filed who are mailed

4

  class notice, and do not timely opt out from the settlement class (the "OH Settlement Class Members").

  IL Sales Tax Class: All Insureds, under any Illinois personal automobile insurance policy issued by LMPIC, LM General, or Liberty Mutual Fire Insurance Company ("Liberty Fire") covering a private passenger vehicle with auto physical damage coverage for comprehensive or collision loss where such vehicle was declared a total loss, who made a first-party claim for total loss, and whose claim was adjusted as a total loss, within the ten-year time period prior to the date on which the various claims in the Grela Action were filed and who are mailed class notice and do not timely opt out from the settlement class (the "IL Settlement Class Members").

10. For purposes of Settlement, the threshold and Rule 23 requirements for class certification are met. As for the threshold requirements, Plaintiffs possess Article III standing and the proposed Settlement Classes are adequately defined and clearly ascertainable. The Settlement Classes are adequately defined because the class definitions are clear and precise, and are based on objective criteria, and they are not overbroad because they only include insureds who also suffered redressable harm.

11. For purposes of settlement, the Classes are sufficiently numerous (comprised of over 15,000 members, at minimum), there are questions of law and fact common to each of the two Settlement Classes, Plaintiffs' claims are typical of the Settlement Classes, and both Plaintiffs and Class Counsel are adequate representatives of the Settlement Classes. *See generally Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007) (to certify a class, Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

12. For purposes of settlement, questions common to the class predominate over any individual questions, and class treatment is superior to alternative forms of adjudication. *See generally id.* (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

13. The Named Plaintiffs and Defendants entered into the Agreement which has been filed with the Court. The Agreement provides for the Settlement of this Action with Defendants on behalf of the Named Plaintiffs and the Settlement Class Members, subject to approval by the Court. The Court directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

14. In accordance with the terms of the Settlement and the Preliminary Approval Order, the Parties implemented the Notice Plan approved by the Court. Defendants' counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

15. The Court hereby finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Classes. The Named Plaintiffs and Defendants have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Class Notice, a hearing was held before this Court, on March 6, 2023, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the

Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend, should be entered.

16. There is a strong federal policy "favoring settlement of class actions." *UAW v. General Motors Corp.*, 497 F.3d 615, 633 (6th Cir. 2007). The Court finds that both procedural or threshold requirements set forth in Fed. R. Civ. P. 23(e)(2) are satisfied, given the extensive discovery and litigation that occurred prior to settlement discussions, and given that the negotiations, which occurred under the direction of Mark Ungar, a well-respected mediator, were clearly conducted at arm's length. *See generally Bert v. AK Steel Corp.*, No. 1:02-CV-467, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008) ("The participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties.").

17. Fed. R. Civ. P. 23(e)(2)(C)-(D) establishes four substantive factors relevant to the class settlement analysis: the costs and risk of trial and appeal, the method of claim distribution, the terms of attorneys' fees, and whether class members are treated equitably vis-à-vis each other. The Court finds that the likelihood of success absent settlement is uncertain, given that several appellate courts, including the Sixth Circuit, have issued opinions which seem to support Defendants' position, even if not directly on point. *See Wilkerson v. Am. Family Ins. Co.*, 997 F.3d 666 (6th Cir. 2021); *Sigler v. Geico Cas. Co.*, 967 F.3d 658 (7th Cir. 2020).

18. Given this uncertainty, the benefits secured through the Settlement Agreement are eminently reasonable. Moreover, the claim-processing method is

7

straightforward, requiring merely attesting to a pre-filled, postage-prepaid Claim Form. As such, Rule 23(e)(2)(C)(ii)—the method for "distributing relief" and "processing class-members claims"—weighs in favor of approval. Because the Parties did not discuss attorneys' fees until after agreement was reached concerning the substantive terms of the Agreement, and Defendants agreed to separately pay attorneys' fees and costs—meaning Class Members' recoveries will not be impacted or reduced in any way—Rule 23(e)(2)(C)(iii) also weighs in favor of approval. *See Hicks v. State Farm Fire & Cas. Co.*, 2021 U.S. Dist. LEXIS 227148, at *13 (E.D. Ky. Nov. 8, 2021) (finding that Rule 23(e)(2)(C)(iii) favored settlement "particularly given the fact the fee will not reduce the amount the class members receive").

19. The substantive factors set forth in *UAW*, 497 F.3d 615, that do not overlap with Fed. R. Civ. P. 23(e)(2)—the opinions of class counsel, the public interest, and the reaction of absent class members—also weigh in favor of approval. It is the well-considered opinion of Class Counsel that the proposed Settlement is favorable to the Settlement Class. *See Brent v. Midland Funding, LLC*, 2011 U.S. Dist. LEXIS 98763, at *49-50 (N.D. Oh. Sep. 1, 2011) ("The Court gives great weight to the recommendation of experienced counsel for the parties in evaluating the adequacy of the settlement."). Additionally, the public interest favors final approval because "settlement fosters the goals of certainty, finality and economy, which lie at the heart of our general preference for settlement of class actions." *Berry v. School Dist.*, 184 F.R.D. 93, 106 (W.D. Mich. 1998). And finally, not a single Class Member has objected to the terms of the Settlement and only four Class Members opted out, which strongly

supports the fairness and reasonableness of the Settlement terms. *See generally Amos v. PPG Indus.*, No. 2:05-cv-70, 2019 U.S. Dist. LEXIS 139021, at *30 (S.D. Oh. Aug. 16, 2019) ("[N]o objections were filed, which creates the inference that all or most of the class members had no concerns about the proposed settlement. This positive response weighs in favor of approving the settlement.").

20. As such, the Court **GRANTS FINAL APPROVAL OF** the Settlement, and the Parties are hereby directed to consummate the Settlement in accordance with its terms.

21. The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and all members of the Settlement Class, the Releasing Parties, and any of their respective heirs, executors, administrators, partners, agents, and the successors and assigns of each of them, shall be forever barred and permanently enjoined from asserting, either directly or indirectly, individually, or in a representative capacity or on behalf of or as part of a class, and whether under State or Federal statutory or common law, any Released Claim against any Released Person.

22. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member in both Settlement Classes shall be deemed to have fully released, waived, relinquished, and discharged, to the fullest extent permitted by law, all Released Claims that the Released Parties may have against all the Released Persons, as those terms are defined in the Settlement Agreement.

23. The Agreement, Settlement, and this Final Judgment are not to be deemed admissions of liability or fault by Defendants, or a finding of the validity of the claims in the Action or of any wrongdoing by Defendants. The Agreement and Settlement are not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Settlement shall be utilized or offered as evidence in any civil, criminal, or administrative action or proceeding, for any purpose including to establish any liability or admission by any of the Released Persons, except in any proceedings brought to enforce the Agreement or Final Judgment. However, Defendants may use the Agreement or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion relating to the Released Claims set out in the Agreement.

24. The Court has also considered the application of attorneys' fees and costs and service awards to the named Plaintiffs.

25. This Court has considered the six factors the Sixth Circuit prescribes in analyzing the reasonableness of a requested fee amount: (1) the value of the benefit conferred, (2) society's stake in rewarding attorneys who produce such benefits to incentivize others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill of counsel on both sides. *Ramey v. Cincinnati Enquirer,*

10

*Inc.*, 508 F.2d 1188 (6th Cir. 1974). The Court finds that the request for attorneys' fees and costs—which constitute 18.03% of the benefits obtained and represent a 2.2 multiplier applied to Class Counsel's lodestar—is consistent with the application of these factors.

26. The Agreement further provides for a Service Award to each of the Named Plaintiffs in an amount of $5000. "Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards 'are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class.'" *Yorba v. Barrington Sch., LLC*, No. 2:21-CV-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (quoting *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *8 (S.D. Ohio Dec. 3, 2019) (in turn quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003))). "Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Yorba*, 2022 WL 2436952, at *5 (quotation omitted). Here, the Named Plaintiffs have averred by affidavit that each contributed significant time and effort to this matter, ranging from forty to fifty hours each. While the various affidavits perhaps could have provided more detail in terms of the actual tasks that each Named Plaintiff performed, the Court concludes that the affidavits nonetheless suffice to justify the requested Service Awards.

27. Because the totality of the *Ramey* factors supports the requested fee award of $3,168,880.00 in attorneys' fees and costs and a Service Awards of $5,000.00 to

each of the Named Plaintiffs, the Court hereby **GRANTS** Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards.

As such, it is hereby **ORDERED** and **ADJUDGED**:

28. The benefits of the Settlement are fair, reasonable, and adequate. Further, for purposes of settlement, the proposed Settlement Classes meets the requirements of Fed. R. Civ. P. 23(a) and (b)(3), and the Court therefore certifies the Settlement Classes as defined in the Settlement Agreement. Finally, the requested attorneys' fees, costs, and service awards are reasonable.

29. All Releasing Parties are hereby barred and enjoined from asserting any Released Claims against Defendants or their affiliates at any time. Defendants and the Released Parties are released from the Released Claims. This Court reserves continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendants and Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

30. In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order. Specifically, this Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among Defendants on the one hand, and the Named Plaintiffs, Class Representatives and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

31. The Clerk of this Court is directed to enter a judgment of dismissal and close this case.

32. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

    A. Enforcing this Final Judgment, the Agreement and the Settlement;

    B. Hearing and determining any application by any Party to the Settlement for a settlement bar order; and

    C. Any other matters related or ancillary to any of the foregoing.

**SO ORDERED.**

March 15, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

13